**FILED**
**Sep 27, 2024**
**08:24 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Brandi Kennedy-Brown,** | ) | **Docket No.: 2023-01-4539** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CoreCivic of TN, LLC, a/k/a** | ) | **State File No.: 32240-2022** |
| **CCA of Tennessee, LLC** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **New Hampshire Insurance Company,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER

In a September 23, 2024 expedited hearing, Brandi Kennedy-Brown sought CoreCivic's authorization of her treating physician's referral to an orthopedist for carpal tunnel syndrome. CoreCivic denied the referral because authorized treatment records did not document complaints of right hand or wrist symptoms until a year after her work injury occurred. Ms. Kennedy testified that she reported numbness and tingling from her shoulder to her fingertips during the course of her authorized treatment. For the reasons below, the Court denies the requested relief.

### History of Claim

Ms. Kennedy works as a trainer for CoreCivic. While on a work-related trip in April 2022, a car "T-boned" her side of the car she was driving. The airbags deployed, and the door had to be cut off to extricate her from the car. When the collision happened, Ms. Kennedy moved her right arm from the armrest to the steering wheel to try to regain control of her car.

Ms. Kennedy selected an occupational clinic from a panel and received conservative care between May 2022 and February 2023 for her right shoulder, low back, and left foot. She also received authorized care from a pain specialist who referred her to an orthopedist for right-shoulder treatment. She selected Dr. Todd Bell from a panel for that treatment.

1

Ms. Kennedy testified that she reported numbness and tingling to her authorized physicians during her course of treatment. She conceded that she did not specifically say that she had numbness and tingling in her right wrist and hand. However, when her doctors asked about those symptoms, she used her left hand to show she had numbness and tingling radiating from her right shoulder to the tips of her right fingers.

Despite Ms. Kennedy's assertions, the clinic's records failed to note complaints of numbness and tingling in her right hand and wrist. Instead, the complaints of numbness and tingling and findings of impingement in these records were confined to the right shoulder. Further, the January 10, 2023 note stated that numbness and tingling in the right shoulder had resolved.

Dr. Bell noted on his first visit that Ms. Kennedy presented for a right-shoulder injury and reported "intermittent sharp, aching, burning, and tingling posteriorly[.]" The report did not state that Dr. Bell examined her right hand and wrist or that the symptoms reported by Ms. Kennedy were present in her right hand or wrist. On examination, he noted signs of right-shoulder impingement.

At her third visit in April 2023, Dr. Bell documented that Ms. Kennedy complained of "increased numbness in her [right] hand."[1] He ordered a nerve conduction/EMG study, which was positive for carpal tunnel syndrome and referred her to an orthopedic surgeon for this condition.

In June, CoreCivic sent Dr. Bell a causation letter about the carpal tunnel syndrome. He declined to determine causation because carpal tunnel syndrome was not within his scope of practice, and he deferred to a hand specialist.[2]

During the hearing Ms. Kennedy testified that she had a right-hand injury on the job approximately 15 years ago when a supervisor slammed a door on it. She said that the injury caused no problems after a period of healing.

In addition to seeking treatment for carpal tunnel syndrome, Ms. Kennedy asked the Court to order CoreCivic to authorize the hand-surgeon referral for a causation evaluation of her carpal tunnel syndrome.

---

[1] Ms. Kennedy argued at the hearing that this implied an earlier report of right-hand/wrist numbness and tingling. However, the notes of the earlier visits do not document that she made such a report.

[2] Counsel for Ms. Kennedy complained that she did not receive a copy of Dr. Bell's response until December.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, an employee must show that she is likely to prevail at a hearing on the merits on every element of her case. Tenn. Code Ann. § 50-6-239(d)(1) (2023). The work-relatedness, or causation, of the injury or condition for which the employee seeks benefits is an essential element for recovery. *Id.* at subsection 102(14). The employee must prove causation by medical expert opinion. *Id.*

Here, Ms. Kennedy said that she has endured numbness and tingling from her right shoulder to the tips of the fingers throughout her treatment process. Despite what the records may show, she claimed she reported these symptoms to her authorized physicians.

CoreCivic argued that the physicians would have documented hand and wrist symptoms had Ms. Kennedy reported them. With no record of her reporting hand or wrist symptoms to authorized physicians for a year after the date of injury, CoreCivic contended she is not entitled to the requested relief without medical expert opinion that her carpal tunnel syndrome is work-related.

Where a long gap existed between the injury and requested treatment, an employee was not entitled to treatment without a medical opinion. *Morton v. Morsey Constructors, d/b/a Harper Industries,* 2021 TN Wrk. Comp. App. Bd. LEXIS 33 (Oct. 4, 2021). In *Morton,* the employer authorized treatment for an employee struck in the head and shoulder area by a heavy object but denied requested neck treatment first requested 54 weeks after the work incident. The Appeals Board held the employee failed to prove his entitlement to neck treatment because of the long gap between the injury and treatment request and his failure to present a medical opinion that his alleged neck complaints were work-related.

Moreover, in *Pool v. Jarmon D&Q Transport,* 2016 TN Wrk. Comp. App. Bd. LEXIS 1 (Jan. 4, 2016), the Board decided that the Workers' Compensation Law does not give an employee the right to a medical causation opinion paid for by the employer. The Board wrote, "[I]t is the parties' responsibility to secure expert opinions or other evidence necessary to address any applicable burden of proof." *Id.* at *9-10.

Considering the above authority, the Court holds that Ms. Kennedy did not establish that she will likely prevail at trial on showing entitlement to treatment for carpal tunnel syndrome. The lack of documented hand or wrist symptoms during the first year after her work injury enhances the importance of a medical causation opinion to determine benefits. While the Court was impressed with Ms. Kennedy's calm and forthcoming testimony, her testimony cannot substitute for a medical opinion relating her carpal tunnel syndrome to her work injury. This record is devoid of any such proof, and for that reason, the Court denies the relief requested.

This case is set for a status hearing at **2:00 p.m. Eastern Time on December 30,**

**2024**.  The parties shall call 855-747-1721 or 615-741-3061 to participate.  A party's failure to call at the scheduled time may result in the Court making scheduling decisions without the absent party's input.

**IT IS ORDERED**.

**ENTERED September 27, 2024.**

*Thomas Wyatt*

_____

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Affidavit of Brandi Kennedy-Brown
2. Choice of Physician Form for Dr. Todd Bell
3. Records of Dr. Bell
4. Dr. Bell's response to causation letter
5. Final Medical Report of Dr. Bell
6. Rule 72 Declaration of Toni McClellan
7. Referral order—carpal tunnel syndrome
8. Records of Nova Medical Centers/Dr. Robert Sass

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on September 27, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Carmen Ware<br>Employee's Attorney | | X | cyware@thewarelawfirm.com |
| Chancey Miller<br>Employer's Attorney | | X | cmiller@carrallison.com |

_____

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*